MARGARET NEWTON *vs.* AGRICULTURAL BRANCH RAILROAD COR-
PORATION.

A railroad corporation are not liable to an action by a person through whose land they
have located their road within the limits of their charter, because they have elsewhere
deviated from those limits.

ACTION OF TORT for breaking and entering the plaintiff's
close in Marlborough. Trial in the court of common pleas in
Middlesex at September term 1858, before *Perkins,* J., when a
verdict was returned for the plaintiff, and the defendants alleged
exceptions. The point decided appears in the opinion.

*B. F. Butler & W. P. Webster,* for the defendants.

*J. G. Abbott & G. A. Somerby,* for the plaintiff.

BIGELOW, J. The only question which can be properly adju-
dicated in this action is whether the defendants have unlawfully
located their road through the plaintiff's premises, and wrong-
fully taken her land. It is wholly immaterial and irrelevant to
this inquiry to consider whether they have elsewhere deviated
from the limits prescribed by their act of incorporation. A va-
riation from the route fixed by statute in one part of a line of
railroad does not invalidate and render void the entire location,
as well that within as that without the true limits. Certainly
the only inquiry which the plaintiff can make is, whether through
her land the road is legally located. She cannot call in question
the validity of the location elsewhere. If through her land the
defendants have kept within their chartered limits, she has no
cause of action against them.

Upon looking at the place referred to in the exceptions, it is
very clear that the defendants, in constructing a road from a ter-
minus at Northborough to Southborough, in a reasonably direct
line, passing to the north of the house of Willard Newton, might
have gone through and taken the plaintiff's land. Indeed, it was
conceded at the argument, that if, after passing through the
estate of the plaintiff, they had continued on in an easterly direc-
tion to the village of Southborough, instead of diverging north-
erly towards the southerly village of Marlborough, they would

not have departed from the line established in their act of incor-poration. This concession is equivalent to a surrender of the plaintiff's case. It admits that the defendants, in following strictly the route given by their charter, might well have taken the plaintiff's land. It is, then, the subsequent departure from the true line, after leaving the plaintiff's estate, which is relied on in support of this action. But this does not make the defendants trespassers on the land of the plaintiff. By proving that elsewhere, beyond the plaintiff's premises, they have deviated illegally and committed trespasses on the land of others, the plaintiff does not show that they have committed a trespass on her estate. It may be that the defendants, by constructing their road in a northerly direction so as to approach by a single track near to the southerly village in Marlborough, have acted without warrant of law. If they have done so, they may be amenable to those who have been injured. But the plaintiff cannot make the wrong done to others a good ground of action in her favor.　　　　　　　　　　*Exceptions sustained.*